

**POLLOCK**
**MAGUIRE**
LLP, Attorneys at Law

LEE A. POLLOCK
THERESA N. MAGUIRE
PETER STUART DAWSON *

CRISTINA MANCINI **

June 16, 2014

*t* (914) 251-1525
*f* (914) 251-0662
pdawson@pollock-maguire.com

**BY FIRST CLASS MAIL & VIA ECF**
Hon. Richard M. Berman, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 12D, New York, New York 10007

    Re: *Sell It Social, LLC D/B/A Country Habit v. Acumen Brands,*
       *Inc. D/B/A Country Habit*; 14 CV 3491 RMB

Honorable Judge Berman:

  We represent Plaintiff Sell It Social, LLC D/B/A Country Habit ("Sell It Social"). We write in response to the correspondence dated June 6, 2014 from counsel for Defendant Acumen Brands, Inc. D/B/A Country Outfitter ("Acumen").

  Whether an attempt to gain a head start on litigating the facts, an effort to use the judicial process to communicate false accusations against Sell It Social to the marketplace, or both, Acumen's submission of documents outside the pleadings is highly misleading as well as premature. Acumen's statement (at 3) that Sell It Social "copied Country Outfitter's website when it launched" is flat wrong. The screen shot that Acumen attaches as purported support for this accusation (Defendant's Tab B) is not of a Country Habit website that ever was – or could have been – used to sell products for consumers. It is, instead, an innocuous website mock-up or "skin" of the Country Outfitter website that was prepared by an independent contractor six weeks before Sell It Social launched Country Habit. As Acumen should well know, the practice of "skinning" is perfectly legal, and in this case the skin was prepared as part of normal diligence in website development. The

Honorable Richard M. Berman                                                                                              Page 2

Country Habit website that Sell It Social actually launched neither resembles nor is based upon Acumen's Country Outfitter website. As alleged in the Complaint, the website's design is identical to Sell It Social's other e-commerce website, www.rebelcircus.com (see Complaint, ¶32).

Sell It Social disputes the merits of Acumen's proposed motion to dismiss, but believes the Court's adjudication of this motion will be aided by consideration of facts that have recently come to light. Plaintiff therefore intends to amend and supplement its pleading with these newly-discovered facts.

By way of example, the Amended Complaint will expand the Complaint's allegations of Acumen's monopolistic intent and monopoly power to include allegations that Acumen's CEO, John James, M.D. has stated publicly within the last two months that his company's goal is to build a billion dollar e-commerce company through its Country Outfitter brand that is capable of going public within three (3) years by "owning/dominating/winning the Southern Lifestyle category." As recently as April 23, 2014, James told the Fayetteville, Arkansas Flyer that "[t]he goal is to own southern lifestyle online, everything from boots to apparel and accessories, and content." (Emphasis added.) Acumen has exploited an investment by General Atlantic of $83,157,000.00 – the fourth largest venture capital investment made in the United States in the second quarter of last year – to cement Country Outfitter's market dominance. Social media statistics demonstrate that Acumen's Country Outfitter brand has already achieved market dominance, dwarfing the competition with "likes" on Facebook and followers on platforms such as Instagram, Twitter, and Pinterest.

Other new facts directly refute Acumen's claim (at 3) that "vendor decisions to delay or cease doing business with Country Habit were made in the individual self-interest of each vendor." Acumen's exploitation of its dominant market position was the sole reason for vendors' sudden

Honorable Richard M. Berman						Page 3

decisions to forego the opportunity to distribute their products through Country Habit in addition to Country Outfitter. Indeed, there is no other rational explanation for why at the same time so many vendors that had already vetted and approved Sell It Social as a retailer for their products inexplicably stopped communicating or cancelled their agreements to distribute through Country Habit. Vendors have acknowledged Country Outfitter to be their largest client, and that they understood Acumen's threatening and disparaging letter to mean that doing business with Sell It Social would jeopardize their ability to do business with Country Outfitter. They felt bullied and intimidated. Some vendors cancelled agreements with Sell It Social within twenty four hours of receiving the letter. One stated that she feared that "[Country Outfitter] would cut me off."

Sell It Social has also learned that Acumen's commercial disparagement did not end with the May 5, 2014 letter described in the Complaint and attached as Exhibit A. Acumen continues to communicate to vendors that Sell It Social and its principals "copied their code" and "stole their site" with the "intention to cause confusion in the marketplace." Vendors understand that Acumen intends these statements to justify the demands that vendors not do business on Country Habit.

Plaintiff's Amended Complaint will add these and other factual allegations that are relevant to its antitrust and tort claims. If acceptable to the Court, we propose to serve our Amended Complaint on or before Friday, July 25, 2014. We also propose adjourning the pre-motion conference.

									Respectfully submitted,

									Peter S. Dawson

PSD:
cc:	Aidan Synnott, Esq., Counsel for Acumen Brands, Inc.